Filed 6/21/16  P. v. Stevenson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KATHRINA STEVENSON,<br><br>        Defendant and Appellant. | A147424<br><br>(Solano County<br>Super. Ct. No. FCR254105) |

Defendant Kathrina Stevenson appeals from the denial of her postconviction motion for modification of the terms of her probation, reduction of her offenses from felonies to misdemeanors, and dismissal of her case.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, defense counsel requests this court to independently review the record, and advises that defendant has been informed of her right to file a supplemental brief, which she has not done.  Having reviewed the record, we find no error or abuse of discretion and shall affirm.

On August 20, 2009, defendant pleaded no contest to nine counts of identity theft and one count of second degree burglary (Pen. Code,[1] §§ 530.5, 459).  The court placed defendant on nine years of felony probation.  In December 2015, defendant filed a motion requesting the court to reduce the  felonies to misdemeanors (§ 17, subd. (b)), terminate her probation early and successfully (§ 1203.3), and permit her to withdraw her plea and dismiss the case (§ 1203.4).  In the supporting memorandum of points and authorities, her

---

[1] All statutory references are to the Penal Code.

1

attorney argued as follows: "Ms. Stevenson has remained offense free since she was placed on probation six years ago. She has maintained appropriate contact with her probation officer. She has paid her outstanding fines and fees. Ms. Stevenson informs me that she completed her theft class as well as a residential treatment program with the Rosewood House in Vallejo, California. Ms. Stevenson has complied with all the terms and conditions of her probation other than paying [restitution]. Ms. Stevenson has been battling leukemia and has to have frequent blood transfusion three times per week. Ms. Stevenson is not working and as a result has been unable to make payments towards the restitution . This is not a willful failure to pay on her part as she does not have sufficient income to do so. [¶] . . . According to her last probation report of November 30, 2015, Ms. Stevenson has been on fixed income consisting of $700.00 monthly and has to provide for her family with that income. Ms. Stevenson requests the court to grant the outstanding restitution into a civil judgment of $17,431.15."

The district attorney opposed the motion, based on defendant having reduced her restitution obligation of $17,712.00 by only $280.85 and having submitted no proof that she had in fact completed a court-ordered theft class. The probation department had attempted to verify that defendant had completed such a class but had been unable to do so. The court denied defendant's requests without prejudice, based on the reasons cited in the district attorney's opposition. The court explained: "I want to see some progress towards restitution, some confirmation of her medical condition, some prognosis from a physician, perhaps and proof that the theft class was completed. . . . [T]hat's why I'm doing it without prejudice so that you don't need a change of circumstances to re-apply for the relief." The court continued defendant's probation on the same terms and conditions. Defendant filed a timely notice of appeal.

Although there is no dispute about the court's authority to grant the relief defendant has requested, there is also no suggestion that such relief is mandatory. The court's reasons for denying the requested relief at this time are entirely reasonable and certainly do not constitute an abuse of discretion.

The January 21, 2016 order denying defendant's motion is affirmed.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.